21-6130
*Sun v. Garland*

BIA
Poctzer, IJ
A209 936 752

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of August, two thousand twenty-three.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

LIN JUAN SUN,

> *Petitioner,*

v.                                                                          No. 21-6130

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

_____

**FOR PETITIONER:** Richard Tarzia, Law Office of Richard Tarzia, Belle Mead, NJ.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Holly M. Smith, Assistant Director; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Lin Juan Sun, a native and citizen of the People's Republic of China, seeks review of the BIA's decision affirming a decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Juan Sun*, No. A209 936 752 (B.I.A. Feb. 8, 2021), *aff'g* No. A209 936 752 (Immigr. Ct. N.Y.C. Apr. 13, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

As an initial matter, Sun challenges the agency's jurisdiction over her removal proceedings given the defects in her notice to appear ("NTA"). Specifically, Sun argues that her NTA did not vest jurisdiction with the Immigration Court because it omitted the date and time of her hearing. But we

have already held that such an NTA is sufficient to vest jurisdiction in the Immigration Court where, as here, a notice of hearing with the missing information is later sent to the non-citizen and the non-citizen appears at the hearing. *See Banegas Gomez v. Barr*, 922 F.3d 101, 110–12 (2d Cir. 2019); *see also Chery v. Garland*, 16 F.4th 980, 986–87 (2d Cir. 2021).

Turning to the merits, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings – including its adverse-credibility determinations – for substantial evidence, "which requires that they be supported by reasonable, substantial[,] and probative evidence in the record when considered as a whole." *Kone v. Holder*, 596 F.3d 141, 146 (2d Cir. 2010) (internal quotation marks omitted). We review questions of law de novo. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

The IJ may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements[,] . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record[,] . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim,

or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse[-]credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The inconsistencies between Sun's testimony at her removal hearing and her statements at her credible-fear interview, as well as inconsistencies within her hearing testimony itself, support the agency's adverse-credibility determination. When asked at her hearing whether she had attended church while she was in hiding in the countryside, Sun testified that she had. She had earlier testified that she had last attended church on the day of the May 2013 police raid that forced her into hiding. In addition to that inconsistency, Sun also gave inconsistent testimony about when she became a Christian and how often she had attended church services. Sun testified at her hearing that she became a Christian in March 2013, and attended church six times; by contrast, she stated at her earlier interview that she became a Christian a year later in March 2014, and attended church only four times. Taken together, these inconsistencies sufficiently support the IJ's adverse-credibility determination.

4

Sun's arguments to the contrary are unavailing. First, the agency did not err in relying on statements made during Sun's credible-fear interview. The IJ analyzed the factors set forth in *Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir. 2004), and reasonably concluded that the interview record bears the hallmarks of reliability: it was conducted with an interpreter; it was memorialized in a typewritten form that appears to provide a verbatim account of Sun's answers; the questions posed were designed to elicit details of her claims; and Sun's responses indicated that she understood the questions and was not reluctant to answer. *See Ramsameachire*, 357 F.3d at 180. Second, while Sun argues that the inconsistencies are trivial and cannot support an adverse-credibility determination, an IJ "may rely on *any* inconsistency . . . in making an adverse[-]credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (internal quotation marks omitted). Third, Sun's contention that the agency should have given little weight to her interview statements because she was nervous and confused is likewise unpersuasive, since such excuses do "not automatically prevent the IJ or BIA from relying on statements in such interviews when making adverse[-]credibility determinations." *Ming Zhang v. Holder*, 585 F.3d 715, 722 (2d Cir. 2009) (internal quotation marks and alterations omitted). Fourth, and finally, the fact that Sun elected to proceed

5

with the interview without her counsel present does not preclude reliance on her statements given the other indicia of reliability. *See Ramsameachire*, 357 F.3d at 179–80.

Absent a credible claim of past persecution as a Christian, Sun had the burden to establish a well-founded fear of future persecution on account of her practice of Christianity in the United States. *See* 8 C.F.R. § 1208.13(b). This required Sun to demonstrate that her fear was "objectively reasonable." *Ramsameachire*, 357 F.3d at 178. "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to h[er] native country." *Jian Xing Huang v. U.S. I.N.S.*, 421 F.3d 125, 128 (2d Cir. 2005). A fear may be objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. I.N.S.*, 232 F.3d 279, 284 (2d Cir. 2000). But a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang*, 421 F.3d at 129.

To establish a well-founded fear of future persecution, the applicant can show either a reasonable possibility that she would be singled out for persecution or a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of a protected ground. *See* 8 C.F.R. § 1208.13(b)(2)(iii). An applicant who fears persecution based on activities in the United States must

6

make some showing that the government in her home country is aware, or that there is a reasonable possibility the government will become aware, of her activities and will persecute her. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). "A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding subject to only clear error review." *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012).

Here, the agency reasonably determined that Sun did not meet her burden to show a well-founded fear of future persecution. Although Sun stated that she would attend church in China, the agency reasonably found her assertion speculative because she had stopped practicing Christianity in China for two years before coming to the United States. *See Jian Xing Huang*, 421 F.3d at 129. Additionally, the country conditions evidence in the record did not establish a pattern or practice of persecution of similarly situated individuals. The 2016 U.S. State Department International Religious Freedom Report for China states that there are 70 million practicing Christians in China, and while it discusses the Chinese government's efforts to limit Christian religious practice, it also shows that persecution varies by region and does not mention any persecution of Christians in Sun's native province of Fujian. *See Jian Liang v. Garland*, 10 F.4th

106, 117 (2d Cir. 2021) (finding no error in denial of claim based on practice of Christianity in the United States where petitioner did not have evidence that "speaks to persecution in . . . Fujian"); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149, 165 (2d Cir. 2008) (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to his or her local area when persecutory acts vary according to locality).   Because nothing in the record suggests that the IJ failed to consider all of Sun's evidence, we affirm its finding that Sun lacked a well-founded fear of future persecution.   *See Xiao Ji Chen v. U.S. Dep't. of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him [or her], unless the record compellingly suggests otherwise.").

For the foregoing reasons, the petition for review is **DENIED**.   All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8